UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAYMAN CHEMICAL COMPANY,

    Plaintiff,

v.                                                      Case No. 08-11069

ADAM LIBBY,                             HONORABLE AVERN COHN

    Defendant.

_____/

## **MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**[1]

### I. Introduction

This is a contract case. Plaintiff, Cayman Chemical Co. (Cayman) is suing defendant Adam Libby (Libby) for events arising from Libby's employment with Cayman. As will be explained, Libby entered into two agreements with Cayman which are the subject of this dispute. The first agreement, the Confidentiality and Non-Competition Agreement, was initiated in 2005. The second agreement, the Consulting Agreement, took effect on September 7, 2007. Shortly after execution of the Consulting Agreement, Libby is alleged to have sought employment and procured employment as a consultant for various competitors and clients of Cayman.

---

[1] The Court originally scheduled a hearing on the motion and discovery issues for July 23, 2008. The hearing was adjourned to September 3, 2008. Upon review of the parties' papers, the Court finds that oral argument on the motion is not necessary. See E.D. Mich. LR 7.1(e)(2). The parties, however, may appear on September 3, 2008 at 2:00 p.m. to address any discovery issues. In no event shall any party file a discovery motion. If there are no discovery issues, the parties shall promptly notify the Court.

Before the Court is Libby's motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be denied.

## II. Background

The relevant facts gleaned from the complaint follow.

In 2005, Cayman employed Libby as Director of Process Chemistry. As part of Libby's employment, he entered into a Confidentiality and Non-Competition Agreement (Confidentiality Agreement). Under Section 1 of the Confidentiality Agreement, Libby agreed not to disclose to third parties, and to use only in connection with his employment with Cayman

> [i]nformation pertaining to the identity of the customers and prospective customers; suppliers, sellers and re-sellers, specific customer requirements and purchase,; as well as product sources, product development, pricing, costs, billing and services, proprietary technical information and know-how, non-public intellectual property, trade secrets; and other confidential information that if disclosed to a competitor of Cayman would be damaging to Cayman.

Section 5 of the Confidentiality Agreement contains a non-compete clause which was effective both during Libby's employment and for a period of two years thereafter.

On September 7, 2007, Libby's position with Cayman changed from Director to Consultant; this required him to sign a Consulting Agreement. The Consulting Agreement provided that Libby would receive equal to one-half his employment salary to act in a consultant capacity for Cayman. Further, the Consulting Agreement provided that it would remain in effect until either party terminated the agreement in writing. The Consulting Agreement did not include a non-compete clause; however, it contained a confidentiality agreement enforceable for five years.

Shortly after signing the Consulting Agreement, on or about October 9, 2007,

2

Libby entered into another Consulting Agreement with one of Cayman's customers, Meta Cosmetics LLC and began providing services which come within the scope of the Consulting Agreement with Cayman. Cayman also says that Libby became a consultant or otherwise wrongfully provided services to several of Cayman's other customers. See Compl. at ¶ 17, 18, 19.

Cayman makes three claims against Libby: (1) a breach of the duty of good faith, loyalty and fair dealings for his consulting services to competitors and clients of Cayman; (2) breach of the employment confidentiality and non-competition agreement; and (3) breach of the consulting agreement. Libby has moved to dismiss all three claims.

### III. Standard of Review

A motion under Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. For Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999).

To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory

allegations or legal conclusions masquerading as factual allegations will not suffice. Id. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. Bell Atlantic Corp. v.. Twombly, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level;" they must "state a claim to relief that is plausible on its face." Id. at 1965, 1974; see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).[2]

## IV.  Discussion

### A.  Count I - Breach of the Duty of Good Faith, Loyalty, and Fair Dealing

Libby argues that separate and independent claim for breach of good faith and fair dealing is not actionable under Michigan law. Further, under the Consulting Agreement, Libby was an independent contractor and had no authority to represent Cayman in any fashion.

Cayman says that Libby misunderstands the nature of its claim. Cayman alleges that "[u]nder the principles of agency, Libby owed Cayman a duty of food faith, loyalty and fair dealing." Compl. at ¶ 21. Additionally, even if the contractual language is held to be dispositive and Libby was not an agent of Cayman, a fiduciary duty exists as Cayman relied upon Libby as a consultant.

Libby is correct that Michigan does not allow for an independent claim based on breach of the duty of good faith and fair dealing. In Chrysler Int'l Corp. v. Cherokee

---

[2]Libby takes issue with Cayman's standard of review, arguing that Cayman failed to appreciate the Supreme Court's holding in Twombly. The Court is guided by the holding in Twombly.

4

Export Co., 134 F.3d 738, 745 (6th Cir. 1998), the court said "Michigan recognizes no independent tort action for the alleged breach of a contract's implied covenant of good faith and fair dealing. However, a duty to act or provide advice under a contractual agreement gives rise to a fiduciary duty. Midwest Healthplan, Inc. v. Nat'l Medical Health Card Sys., Inc., 413 F. Supp. 2d 823 (E.D. Mich. 2005). As such, a fiduciary duty exists when the parties to the contract are reliant on each other, demonstrating "trust and confidence in the other and must exercise a corresponding degree of fairness and good faith." Midwest Healthplan, Inc., 413 F. Supp. 2d at 832. The duty of good faith required of a fiduciary includes not acting "for his private advantage or otherwise contrary to the interests of his beneficiary or principal in matters affecting the fiduciary relationship." Id. (quoting Central Cartage v. Fewless, 232 Mich. App. 517, 524, 591 N.W.2d 422 (1998)).

      Here, although the title of Cayman's claim is misleading, Cayman says it is not asserting a separate breach of the duty of good faith claim, but rather a breach of fiduciary duty claim based on a agency. Cayman alleges that it relied upon Libby's expertise as a Director of Process Chemistry, and later as a Consultant. In signing the Consulting Agreement, Cayman relied upon Libby, thereby requiring a degree of trust and confidence in his work. By allegedly providing consultation services for numerous competitors and clients of Cayman, Libby could be said to have adversely affected the fiduciary relationship between the parties. Viewed in a light most favorable to Cayman, the allegations in the complaint state a claim for breach of a fiduciary duty. Development of the evidentiary record is necessary to determine more precisely Libby's breach at issue. While Libby contends the record is complete as to this issue, the Court

disagrees.  Dismissal of this claim at the pleadings stage would be premature.

## B.  Count II - Breach of Confidentiality Agreement

Libby says that the Consulting Agreement supersedes the Confidentiality Agreement and therefore cannot be a basis for an alleged breach.  Libby also notes that the Consulting Agreement contains an integration clause.

Cayman argues that although there is an integration clause in the Consulting Agreement, it supersedes prior negotiations relating to the same subject matter only.  Thus, Cayman says it may bring a separate claim for breach of the Confidentiality Agreement.

An integration clause reflects a parties "final and complete expression of their agreement."  ADR N. Am., L.L.C. v. Agway, Inc., 303 F.3d 653, 658 (6th Cir. 2002).  An integration clause is "conclusive evidence that the parties intended to supersede any prior contract on the same subject matter."  Id. at 658.  Here, Libby says that the Consulting Agreement supersedes the prior employment agreement.  However, the Consulting Agreement's integration clause represents it as the final agreement of the parties--with regard to that specific subject matter.

The Confidentiality Agreement provided a precautionary measure to protect sensitive material and information belonging to Cayman from information acquired by Libby during his employment.  In addition, because of his position within the company, a two-year non-compete clause protected Cayman from Libby potentially using his high-level position within the company to his and a competitors advantage (and Cayman's unfair disadvantage) shortly after termination.

The Consulting Agreement provided Cayman with a five-year confidentiality

6

clause, protecting future information that Libby may acquire as a consultant of the company. Unlike the Confidentiality Agreement which protected information acquired by Libby before his termination, the Consulting Agreement focused on protecting information that could be acquired in the future.

Because the two agreements arguably cover different subject matter, viewed in a light favorable to Cayman, Cayman has stated a claim for breach of the Confidentiality Agreement.

## C. Count III - Breach of Consulting Agreement

Libby says that this claim must be dismissed because Cayman has not plead it with particularity. Cayman says the allegations give fair notice of Libby's alleged breach.

The Court agrees with Cayman. The Consulting Agreement does not contain a non-compete clause. However, Libby is prohibited from divulging confidential information obtained from Cayman-provided by both the 2005 and 2007 agreements. Equivalent to a high-level executive, Libby's position as a consultant granted access to Cayman's sensitive, confidential information. Also, the original employment agreement required Libby to refrain from competing with Cayman for a period of two years. The actions of Libby, in his capacity as a consultant, and in light of the admissibility of both agreements, a plausible inference may be raised that the consulting agreement was breached. Viewed in a light most favorable to Cayman, the complaint puts Libby on fair notice of the allegations against him relative to the Consulting Agreement.

7

## V. Conclusion

For the reasons stated above, Libby's motion to dismiss is DENIED.

SO ORDERED.

                                              s/Avern Cohn  
                                              AVERN COHN  
                                              UNITED STATES DISTRICT JUDGE

Dated: July 22, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 22, 2008, by electronic and/or ordinary mail.

                                              s/Julie Owens  
                                              Case Manager, (313) 234-5160